UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JAMES JOSEPH LYNCH, JR., CM, Mother, and ZM, a minor, | No. 2:08-cv-00041-MCE-JFM P |
| Petitioners, | |
| v. | ORDER |
| CALIFORNIA COURT OF APPEAL, THIRD DISTRICT, et al., | |
| Respondents. | |

On or about September 18, 2008, this Court adopted, in full, the Findings and Recommendations filed by the Magistrate Judge on July 14, 2008 and dismissed this matter for lack of subject matter jurisdiction. Petitioners now move to alter or amend the Judgment entered as a result thereof, ostensibly pursuant to Federal Rule of Civil Procedure Rule 59(a).[1]

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

1          The Court initially notes that Rule 59(a), as relied upon by
2   Petitioners, is inapplicable because it pertains to granting
3   relief following trial.  This case was not tried.  Consequently,
4   while Petitioners purport to request a new trial, they cannot do
5   so and instead must seek reconsideration of the Court's Judgment
6   under either Rule 59(e) or 60(b).  The Court will consequently
7   construe Petitioners' Motion as request for reconsideration.
8          Petitioners have utterly failed to demonstrate a viable
9   reconsideration request.  In essence, they seek to merely revisit
10  the same issues the Court has already squarely decided against
11  them.  Absent highly unusual circumstances not present here,
12  reconsideration is appropriate only where 1) the court is
13  presented with newly discovered evidence; 2) the court committed
14  clear error or the initial decision was manifestly unjust; or
15  3) there is an intervening change in controlling law.  <u>School
16  Dist. No. 1J, Multnomah County. Or. v. ACandS, Inc.,</u> 5 F.3d 1255,
17  1263 (9th Cir. 1993).  No argument has been presented for newly
18  discovered evidence, or for any change in controlling law.
19  Petitioners' Motion accordingly rises and falls on whether they
20  have successfully identified either clear error in the Court's
21  earlier decision, or some other factor pointing to the manifest
22  injustice of the decision.  Petitioners have manifestly failed to
23  do so.
24  ///
25  ///
26  ///
27  ///
28  ///

First and foremost, as detailed in the Findings and Recommendations, the controlling law is crystal clear. Petitioners cannot pursue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of minor children whose physical custody is alleged to have improperly placed, since such children are not prisoners for purposes of garnering relief under the statute. <u>Lehman v. Lycoming County Children's Services</u>, 458 U.S. 502, 510 (1982). Disputes over child custody are simply not cognizable for habeas corpus relief, which applies to incarcerated prisoners. Habeas corpus has never been deemed "a generally available federal remedy for every violation of federal rights." <u>Id</u>. Moreover, as delineated in the Findings and Recommendations, Petitioners' argument also fails on other legal grounds. Given the clear state of the law mandating rejection of Petitioners' contention, there can be no manifest injustice in rejecting the instant petition.

Petitioners' argument was rejected in state court by the California Third District Court of Appeal. Petitioners thereafter filed in this Court, and the Findings in Recommendations adopted in full by the undersigned stated unequivocally that controlling authority manifestly demonstrates the court's lack of jurisdiction to entertain the petition filed, a fact that should have been obvious to any minimally competent attorney. <u>See</u> July 14, 2008 Findings and Recommendations, 10:20-22.

///
///
///

3

The Findings and Recommendations carefully considered whether to assess Rule 11 sanctions against Petitioners' counsel. It found no reasonable basis for the position espoused by attorney Lynch, and expressly put Lynch on notice that his conduct in filing a patently baseless habeas petition met the "egregious" standard for *sua sponte* imposition of sanctions under Rule 11. Id. at 11:8-17.  Despite being admonished that future violations of Rule 11 "will not be countenanced" (Id. at 12:5-6), Petitioners nonetheless have wasted the judicial resources of this Court by forcing it to revisit yet again their untenable position.

Petitioners' Motion is DENIED.[2]  Petitioners' Counsel, James Joseph Lynch, Jr., is further ordered to show cause why sanctions should not be issued against him under Rule 11 for the reasons stated above.  Mr. Lynch is directed to file any papers opposing the imposition of such sanctions not later than twenty (20) days following the date of this Order.  A hearing on the Order to Show Cause is scheduled for **January 9, 2009, at 9:00 a.m.**

IT IS SO ORDERED.

Dated: November 18, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h)

4